0IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | **PATENT CASE** |
| GARMIN INTERNATIONAL, INC. | § § | |
| Defendant. | § § | |
| _____ | § | |

## COMPLAINT

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this Complaint against Garmin International, Inc. ("Defendant" or "Garmin") for infringement of United States Patent Nos. 7,899,713 ("the '713 Patent") and 8,788,090 ("the '090 Patent").

## PARTIES AND JURISDICTION

1.     This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.     Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4.     On information and belief, Defendant is a Kansas corporation with a principal place of business at 1200 E. 151st St., Olathe, KS 66062-3426.

5.     On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,899,713)

8.      Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10.     Plaintiff is the owner by assignment of the '713 Patent with sole rights to enforce the '713 Patent and sue infringers.

11.     A copy of the '713 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

12.     The '713 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 16, of the '713 Patent by making, using, importing, selling, and/or offering for sale a customizable wearable activity tracker covered by one or more

claims of the '713 Patent. Defendant has infringed and continues to infringe the '713 patent in violation of 35 U.S.C. § 271.

14.     Defendant sells, offers to sell, and/or uses systems, including, without limitation, activity trackers, such as the Vivoactive HR and associated Garmin Connect mobile app ("Product"), which infringe at least Claim 16 of the '713 Patent.  The Product allows a user to remotely customize the operation of various functions of the Product as well as customizing what software is present on the Product.

15.     On information and belief, the System includes a remote server including a database storing a product preference (e.g., software updates, training plans, and device settings) of a predetermined product (e.g., Garmin Vivoactive HR) for at least one user (e.g., a user must sign in or create an account on Garmin connect mobile app in order to add the Vivoactive HR).

16.     Device settings altered on the Garmin Connect Internet-based interface are synced to the Garmin Connect Mobile interface. Thus, on information and belief, all device settings are transmitted from the Garmin server to a smartphone and subsequently to the activity tracker device.  Additionally, software updates and training plans are downloaded from the Garmin server.

17.     On information and belief, the Product includes a terminal (e.g., a smartphone having the app loaded thereon) for transmitting an identity of at least one user to the remote server (e.g. Garmin Connect server) (e.g., a user must log in to the Garmin Connect mobile app using their log in credentials) and for receiving the product preference (e.g., software updates, training plans, and device settings) of the at least one user from the server (e.g. Garmin Connect server).

18.     The System includes a communication network (e.g., Internet) for coupling the

remote server (e.g., Garmin Connect server) and the terminal (e.g., smartphone).

19.     The System includes a first communication module (e.g., Bluetooth wireless module) within the product (e.g., activity tracker) and in communication with the terminal (e.g., smartphone).

20.     On information and belief, the server receives the identity of the product (e.g., activity tracker device) and the identity of the user (e.g. a user is identified by their account, and the product is identified via the product registration linked to the user account).  On information and belief, the server also retrieves the product preferences (e.g., software updates, training plans, and device settings) from a database based on the identity of the predetermined product and the identity of the at least one user (e.g., the server will retrieve software, training plans, and settings specific to the registered product linked to the user's account) and transmit the product preferences (e.g., software updates, training plans, and device settings) to the first communication module (e.g. the Bluetooth module in the Garmin activity tracker device) via the terminal (e.g., software and training plans are downloaded to the Smartphone via the internet and sent to the Garmin device via Bluetooth).

21.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

22.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

23.     Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

24.     Plaintiff incorporates paragraphs 1 through 23 herein by reference.

25.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

26.     Plaintiff is the owner by assignment of the '090 Patent with sole rights to enforce the '090 Patent and sue infringers.

27.     A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit B.

28.     The '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

29.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 Patent by making, using, importing, selling, and/or offering for sale a customizable wearable activity tracker covered by one or more claims of the '090 Patent. Defendant has infringed and continues to infringe the '090 patent in violation of 35 U.S.C. § 271.

30.     Defendant sells, offers to sell, and/or uses systems, including, without limitation, smart appliances, such the Vivoactive HR and associated Garmin Connect mobile app ("Product"), which infringe at least Claim 1 of the '090 Patent.  The Product allows a user to remotely customize the operation of various functions of the Product as well as customizing what software is present on the Product.

31.     On information and belief, the System includes a remote server including a database storing a product preference (e.g., software updates, training plans, and device settings) of a predetermined product (e.g., Garmin Vivoactive HR) for at least one user (e.g., a user must sign in or create an account on Garmin connect mobile app in order to add the Vivoactive HR).

32.     Device settings altered on the Garmin Connect Internet-based interface are

synced to the Garmin Connect Mobile interface. Thus, on information and belief, all device settings are transmitted from the Garmin server to a smartphone and subsequently to the activity tracker device.  Additionally, software updates and training plans are downloaded from the Garmin server.

33.     The System includes a first communication module (e.g., Bluetooth wireless module) within the product (e.g., activity tracker) and in communication with the terminal (e.g., smartphone).

34.     On information and belief, the server receives the identity of the product (e.g., activity tracker device) and the identity of the user (e.g. a user is identified by their account, and the product is identified via the product registration linked to the user account).  On information and belief, the server also retrieves the product preferences (e.g., software updates, training plans, and device settings) from a database based on the identity of the predetermined product and the identity of the at least one user (e.g., the server will retrieve software, training plans, and settings specific to the registered product linked to the user's account) and transmit the product preferences (e.g., software updates, training plans, and device settings) to the first communication module (e.g. the Bluetooth module in the Garmin activity tracker device) via the terminal (e.g., software and training plans are downloaded to the Smartphone via the internet and sent to the Garmin device via Bluetooth).

35.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

36.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

37.     Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent Nos. 7,899,713 and 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: February 24, 2017          Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**BRAD KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

**EXHIBIT B**