Rachael D. Lamkin (246066)
Lamkin IP Defense
100 Pine St., Suite 1250
San Francisco, CA 94111
(916) 747-6091
RDL@LamkinIPDefense.com


*Counsel for Defendant, Garmin International, Inc.*


## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## MARSHALL DIVISION

| | |
|---|---|
| Rothschild Connected Devices Innovations, LLC )<br><br>Plaintiff, )<br><br>vs. )<br><br>Garmin International, Inc. )<br><br><br>Defendant. ) | Case No.:  2:17-cv-00158-JRG-RSP<br><br>**DECLARATION OF RACHAEL D. LAMKIN IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND OTHER RELIEF** |

I, Rachael D. Lamkin, declare as follows:

1. I am lead counsel of record for Defendant Garmin International, Inc., (Garmin).  I am an attorney licensed to practice law in all state and federal courts in California, and admitted to practice before all federal courts in Colorado and this Honorable District.

2. On March 21, 2017, I sent counsel for Plaintiff Rothschild Connected Devices Innovations, LLC (RCDI) a written communication, asking Plaintiff to dismiss Garmin with prejudice and setting forth the reasons for said request, including a

1

detailed Section 101 analysis.  Attached as Exhibit A is a true and correct copy of that letter.  In that same letter, I asked that RCDI either dismiss my client or engage in a meet and confer to discuss the contents of said letter.

3.  Counsel for RCDI did not respond to that communication.

4.  One week later, on March 28, 2017, I sent a follow up email asking counsel for RCDI to respond to my communication.

5.  Counsel for RCDI did not respond to that communication.

6.  Nearly two weeks later, on April 3, 2017, I sent the following email to counsel for RCDI: "As you know, Judge Gilstrap requires that we meet an [*sic*] confer regarding any Alice motion.  Thus far you have chosen to ignore my communications on this subject, which is contra to Judge Gilstrap's Section 101 standing order.  Thus, please, today, engage in a good faith meet and confer with me on this matter.  Judge Gilstrap prefers that we speak over the phone so please set forth your availability today.   If you would instead prefer to communicate in writing, please--today--set forth your response to my letter, including any claim terms you believe need construction, and the constructions therefore.  Thank you."

7.  Counsel for RCDI did not respond to that communication.

8.  On April 5, 2017, I sent the following email to counsel for RCDI: "I will be filing the Alice motion at 5:00 (CT) EDTX time today. Given your silence, I will assume that you agree that no claim construction is needed for the Court to adjudicate an *Alice* motion.  To the extent that you do believe claim construction is needed, please send a list of the terms you believe need construction and your proposed construction before 5:00 CT.  Thank you."

9.  Counsel for RCDI responded in relevant part as follows: "RCDI's position is that claim construction is needed (such that the parties presumably disagree on that issue). I believe that is sufficient for the required meet and confer.  We will identify which claim elements need construction and why (and identify intrinsic references for support) in connection with the joint submission required within 10 days after filing of the 101 motion."

10. Attached as Exhibit B is a true and correct copy of a report on NPE litigation from Q1, 2017 by RPX Corporation ("RPX").

11. Attached as Exhibit C is a screenshot from a report on January 3, 2017 report on NPE litigation from RPX.  The full report can be found at

    https://www.rpxcorp.com/2017/01/03/rpx-data-update-patent-litigation-volatility-persists-as-strategies-shift/ (last accessed 4/11/17).

12. Attached as Exhibit D is a true and correct copy of a report generated by Docket Navigator, showing the '090 patent to be asserted 69 times, with no determinations on the merits, and no claim terms construed by a district court (4 claims have been construed by the PTAB as part of instituted IPR petitions).

13. Attached as Exhibit E is a true and correct copy of the March 15, 2017 settlement offer from RCDI's counsel;

14. Attached as Exhibits F and G are true and correct copies of the Meridian Business Center's floor plan, accessed at

    http://www.meridianbusinesscenters.com/west_plano_executive_suites.html (last accessed 4/11/17);

15. On April 10, 2017, I telephoned the Meridian Business Center and spoke with the

receptionist and the manager of the virtual office services.  Both confirmed that, when one pays for the virtual mail service at the Meridian, Suite 400 is the address one is given.

16. On April 10, 2017, I emailed counsel for RCDI and asked, "We are contemplating a motion for attorney's fees in your case and one of the facts we think weighs in favor of attorney's fees is, we believe, a misrepresentation in your Complaint.  Paragraph 3 states that RCDI has an office at 1400 Preston Road, Suite 400, but there is no Suite 400 at that address.  See attached floor plan.  I telephoned the Executive Office Suites and they confirm that there is no Suite 400 at the Preston Road facility.  The virtual services manager told me that Suite 400 is used for entities paying for virtual mail service.  That said, motions for attorney's fees are serious and we would like to extend every courtesy before filing.  As such, please advise whether paragraph 3 could be correct in spirit if not in letter.  Please confirm whether your client has an actual office at 1400 Preston Road, and the number of that office.  If your client has an office or home address other than that address in Texas, please so advise."  Counsel for RCDI did not respond.

17. Attached as Exhibit H is a true and correct copy of the Certificate of Formation for RCDI, obtained from the Texas Secretary of State.

18. Attached as Exhibit I is the declaration of Leigh Rothschild, filed in Case No. 1:15-cv-24067, by RCDI in the Southern District of Florida.

19. Attached as Exhibit M is a list of all entities owned by Leigh Rothschild, as compiled by RPX.  (Searched and accessed at https://search.rpxcorp.com/advanced_search on 4/11/17 by the undersigned.)

20. I have worked, thusfar, 41 hours on the RCDI matter for Garmin.  That includes all
    initial case analysis (patents, file histories, standing etc.), and the research, analysis,
    and drafting regarding the Section 101 letter and motion.  My rate for this litigation is
    $500.00 per hour.  Thus, Garmin seeks reasonable attorney's fees in the sum of
    $20,500.00 dollars.  Should RCDI or the Court challenge the reasonableness of this
    sum, I will detail the actual work done (filed under seal) and any other justifications
    warranted.

I declare under penalty of perjury under the laws of the United States and the State of California
that the foregoing is true and correct and that this declaration was executed by me on April 11th,
2017 in Sausalito, California.


*Rachael D. Lamkin*
Rachael D. Lamkin