

Rachael D. Lamkin
RDL@LamkinIPDefense.com
916.747.6091

Jay Brett Johnson
Kizzia & Johnson PLLC
750 N. St. Paul Street
Suite 1320
Dallas, TX 75201
214.451.0164
Email: jay@kjpllc.com

RE: *Rothschild Connected Devices Innovations,LLC v. Garmin International, Inc*., 2:17-cv-00158-JRG-RSP

Jay,

     I write to ask that your client dismiss my client, Garmin, with prejudice from the above captioned matter. Several courts, including the Honorable Judge Gilstrap, have already found customizable product patents invalid under Section 101 and the continued maintenance of patent indistinguishable from those already found to be patent ineligible is unreasonable.

     Whether or not systems and methods for generating customized products are patent eligible is a well-trodden question, repeatedly decided in the negative. For example, in *Tenon & Groove, LLC v. Plusgrade S.E.C*., No. 12-1118-GMS-SRF, 2015 U.S. Dist. LEXIS 29455 (D. Del. Mar. 11, 2015), "[The invention] relate[d] to methods and systems for customizing and optimizing a company's products and services to individual customers in [a] way that concurrently maximizes customer value satisfaction and overall business performance." *Id*. at *7. Therein, the court found the invention to be patent ineligible: "This is not a problem unique or inherent to computers. Rather, the claims recite 'generic computer implementation,' required only by virtue of these transactions becoming increasingly computerized themselves.") (*citing Alice*, 134 S. Ct. at 2358.); *see also Morsa v. Facebook, Inc.,* Case No. SACV 14-161, 77 F. Supp. 3d 1007, 2014 U.S. Dist. LEXIS 180968, 2014 WL 7641155 (C.D. Cal. Dec. 23, 2014) (finding patent ineligible a method of allowing advertisers to target online advertising to consumers fitting customized demographic, geographic, and psychographic criteria); *Kroy IP*



*Holdings, LLC v. Safeway, Inc.*, 107 F. Supp. 3d 677, 700 (E.D. Tex. 2015) (finding patent ineligible an "invention [which] provides a fully integrated system for creating, distributing and automating the fulfillment of awards in personalized consumer incentive programs.")

As you can see from the above-cited cases, several courts have already found patents claiming systems or methods for creating customized products to be patent ineligible. Critically, the Judge presiding over the case at bar has himself found patents for generating customized products to be patent ineligible. In *Clear With Computers*, "the asserted claims are directed to the abstract idea of creating a customized sales proposal for a customer." *Clear with Computers, LLC v. Altec Indus.,* No. 6:14-cv-79 (Consolidated Lead Case), 2015 U.S. Dist. LEXIS 28816, at *11 (E.D. Tex. Mar. 3, 2015). The claim in *Clear with Computers* is indistinguishable from the patents at-issue here from a Section 101 perspective. Compare:

> A computer program product readable by a computing system comprising instructions that when executed cause a processor to:
>
>> receive answers to a plurality of questions from a specific customer related to at least one of a desired feature and desired use by the customer of a tangible product for sale from a user interface;
>>
>> automatically select, in response to at least one of the received answers, an image of the tangible product for sale, an image of an environment in which the product for sale is to be used and a text segment comprised of a description of the product specifications and performances that are of particular interest to the customer; and
>>
>> integrate the selected images and the selected text segment into a proposal for the sale of the product customized to the specific customer such that a single composite visual output can be generated that shows the product in the product environment along with said text segment,
>
> wherein the single composite visual output is generated by:
>
>> a selection device operatively interconnected to an active database, the active database configured to electronically store customer information obtained via the user interface;



> the selection device operatively connected to a static database, the static database storing electronically at least one of, (a) text; (b) pictures or (c) texts and pictures, relating to at least one product; and
>
> the system dynamically building a template utilizing the selection device to fill in the template to produce the single composite visual output.

(*Clear With Computers*, '739 Patent, Claim 1)

With:
> A system for customizing a product according to a user's preferences comprising:
>
> a remote server including a database configured to store a product preference of a predetermined product for at least one user; and
>
> a first communication module within the product and in communication with the remote server;
>
> wherein the remote server is configured to receive the identity of the predetermined product and the identity of the at least one user, retrieve the product preference from the database based on the identity of the predetermined product and the identity of the least one user and transmit the product preference to the first communication module.

('090, Claim 1.)

As you can see, under the Section 101 calculus, the two claims are indistinguishable. Both claim systems for creating customized products, both use standard computer operations, both comprise merely "conventional steps, specified at a high level of generality." *See Clear With Computers*, at *16-17 (citing *Ultramercial* and *Alice*.)

Given that indistinguishable claims have repeatedly been found to be patent ineligible, including by the very Judge presiding over the case at-bar, we ask that your client dismiss my client with prejudice as your client has no reasonable chance of success on the merits of a Section 101 motion. *See Edekka LLC v. 3balls.com, Inc.,* No. 2:15-CV-54, 2015 U.S. Dist. LEXIS 168610, at *13-14 (E.D. Tex. Dec. 17, 2015) (granting Section 101 motion at the pleading stage and awarding attorney's fees because "no reasonable litigant could have reasonably expected success on the merits" and "rather than acknowledging the inherent



weaknesses of the '674 Patent, eDekka proffered completely untenable arguments to the Court throughout the § 101 briefing process."); *Gust, Inc. v. AlphaCap Ventures, LLC*, No. 15-cv-6192, 2016 U.S. Dist. LEXIS 170118, at *9-10 (S.D.N.Y. Dec. 8, 2016) ("An 'exceptional' case is one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case).") (*quoting Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014)).

  I realize that the defense bar throws around threats of attorney's fees under Section 285. My guideposts generally involve professional courtesy; I don't like to send these letters and I am sure they are not well received.  But on these facts, it is manifestly unreasonable to continue with this litigation.  I note, in addition, that the '090 patent has been asserted 69 times, and always settled before Markman.  Such tactics are disfavored and generally more likely to lead to attorney's fees in the Eastern District of Texas.  Regardless of the type of pre-suit analysis conducted, at this stage in the litigation, your client has a duty to "stop and think."  *Iris Connex, LLC v. Dell, Inc.,* No. 2:15-cv-1915, 2017 U.S. Dist. LEXIS 10146, at *61 (E.D. Tex. Jan. 25, 2017).  Where, as here, patents covering the same subject matter have already found to be patent ineligible, you have a duty to drop said patents from any litigation.  *See Iris Connex*, at *61; *Edekka LLC v. 3balls.com, Inc*., No. 2:15-CV-541 JRG (LEAD CASE), 2015 U.S. Dist. LEXIS 168610, at *13 (E.D. Tex. Dec. 17, 2015); *Gust*, at *12.

  Please let me know whether you would like to discuss, including any discussion of where you think I might be in error.  Else I ask that you dismiss Garmin with prejudice within the week.

  Best,

*Rachael D. Lamkin*
  Rachael