# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS LLC, | § § § § | |
| Plaintiff, | § § | Case No: 2:17-CV-158-JRG-RSP |
| vs. | § § § | |
| GARMIN INTERNATIONAL, INC. | § § | |
| Defendant. | § § | |

**DECLARATION OF LEIGH ROTHSCHILD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND OTHER RELIEF**

I, Leigh Rothschild, hereby declare as follows:

1. My name is Leigh M. Rothschild. I submit this Declaration in support of the Plaintiff Rothschild Connected Devices, LLC's ("RCDI") response opposing Defendant's Motion for Attorney's Fees and Other Relief.

2. I am over 18 years of age, and I am fully competent to make this sworn declaration. I have personal knowledge of the facts stated in this declaration, and they are all true and correct.

3. I have an undergraduate and graduate degree in History and Business from the University of Miami.

4. I am the founder of RCDI, the plaintiff in this lawsuit.

5. I am an inventor on approximately 99 issued patents and approximately 125 pending patent applications. I have invested considerable personal resources in the patent system and asserting my patent portfolios. I regularly license my patents. I have also spent considerable

effort and money in further developing my inventions and filing continuing patent applications to protect those developments.

6. I am the sole inventor for U.S. Patent Nos. 8,788,090 (the "'090 Patent"). I am also the sole inventor for U.S. Patent No. 7,899,713 (the "'713 Patent). The '090 and '713 Patents are the patents-in-suit. Along with lawsuits against GoPro, Inc.; LG Electronics, Inc. and LG Electronics U.S.A., Inc.; Whirlpool Corporation; Motorola Mobility LLC; and Exxon Mobil Corporation, this is the first time that the '713 Patent has been asserted.

7. I believe in good faith that the '090 and '713 Patents are valid and enforceable. I also believe in good faith that Garmin is infringing both the '090 and '713 Patents.

8. RCDI sued Garmin in good faith. In filing its Complaint, RCDI had no intent to use litigation to harass Garmin or to extort what could be considered a nuisance-value settlement.

9. As part of the preparation for filing a lawsuit against Garmin, I commissioned the creation of a claim chart showing that, based on publicly available information, each element of at least claim 1 of the '090 Patent and at least claim 16 of the '713 Patent read on the products accused of infringement in the Complaint.

10. In lawsuits enforcing the patents-in-suit, RCDI has made early settlement proposals to provide a solution for defendants that seek early resolution. Some defendants have accepted and/or negotiated an early settlement. Others have not. RCDI does not associate its early settlement proposals with litigation costs. RCDI has not attempted to force any defendant into settling a lawsuit by way of bad faith litigation or otherwise.

11. On February 24, 2017, RCDI's counsel filed the lawsuit against Garmin. On February 27, 2017, I instructed RCDI's counsel to hold off serving RCDI's Complaint against Garmin. The reason I instructed RCDI's counsel to hold off serving the complaint was because

settlement negotiations were taking place in a different lawsuit against Garmin brought by Location Based Services, LLC ("LBS") on a different patent. I am also the founder of LBS. Before serving the RCDI Complaint, I wanted to let the negotiations in the LBS case develop more fully.

12. On March 16, 2017, RCDI's counsel sent me communication from Garmin's counsel that indicated Garmin was interested in discussing early resolution and preferred a single negotiation.

13. On or about March 21, 2017, RCDI's counsel informed me that Garmin's counsel sent a letter, via email, that argued the claims of the patents-in-suit were invalid under Section 101. In that letter,, Garmin's counsel did not indicate that she intended to file a Section 101 motion. Rather, Garmin's counsel asked that RCDI dismiss the lawsuit with prejudice.

14. On or about March 28, 2017, RCDI's counsel informed me that Garmin had followed up, via email, regarding its position on Section 101. At that time, there was still no definitive indication that Garmin intended to file a Section 101 motion. Rather, it is my understanding that Garmin's goal was still to have RCDI dismiss the lawsuit.

15. On or about April 3, 2017, RCDI's counsel informed me that, according to an email sent by Garmin's counsel, Garmin appeared to be threatening to file a Section 101 motion and had asked RCDI's counsel to meet and confer on that issue.

16. On April 4, 2017, I instructed RCDI's counsel to dismiss the lawsuit. During the period from Garmin's first letter on March 21, 2017 until April 4, 2017, RCDI was considering Garmin's request for dismissal. Ultimately, I decided that it would be in the best interest of all parties if settlement discussions were focused on and limited to the LBS lawsuit. My conclusion

3

was based on the fact that settlement discussions were already maturing in the LBS lawsuit and Garmin had expressed its desire to conduct a single negotiation.

17. On or about April 10, 2017, RCDI's counsel informed me that Garmin's counsel had sent another email stating that she was contemplating filing a motion for fees based on an alleged misrepresentation in the Complaint regarding RCDI's "principal office." RCDI's principal office, and its only office, is located at the address given in the Complaint. It is a virtual office with virtual office services provided by Meridian Business Centers in Plano, Texas. Neither I, nor RCDI, have ever intended to deceive anyone about the nature of RCDI's office or its location. I manage the affairs of RCDI primarily from my home in Miami-Dade County, Florida or from various other locations while I am traveling. Nevertheless, the RCDI's Plano, Texas office is RCDI's only office.

18. On or about April 11, 2017, RCDI's counsel informed me that Garmin had filed a motion for fees. In addition to the "principal office" issue, Garmin's motion raised an issue related to me being designated registered agent for RCDI. Unbeknownst to me prior to my review of Garmin's motion for fees, the registered agent of a Texas LLC must be a Texas resident. The application for creation of RCDI (along with the designation of the registered agent) was handled by an assistant who is no longer in RCDI's employ. She prepared the documents, had me sign them, and submitted the documents to the office of the Texas Secretary of State. I did not realize at the time, nor did I realize until Garmin filed its fees motion, that my designation was improper. This mis-designation was simply an administrative error. Upon learning that this was an issue, and upon consulting with a business lawyer, I immediately corrected the mistake. RCDI now has a proper registered agent. At no point did either RCDI or I intentionally mislead anyone with respect to RCDI's corporate structure or its designated registered agent.

19. On or about April 11, 2017, the same day that Garmin filed its fees motion, LBS's counsel informed me that he had received an email from Garmin's counsel letting him know that she had filed a fees motion in the RCDI case. LBS's counsel let me know that Garmin's counsel stated:

> I know you're focused on your case, but I suspect your client must take a broader view. I personally would like to see this motion adjudicated as i think it could result in important new law, but my client has a narrower view. Thus maybe we can horse-trade, your client agrees to dismiss Garmin, with prejudice, from your matter, and Garmin drops its motion in RCDI and forgoes any fees motion in this case. I know this seems early and aggressive but I think here, the facts warrant this kind of quick compromise. Let me know if you want to discuss.

I interpret this communication, and the offer to "horse trade" to mean that Garmin decided to file a fees motion in the RCDI case for the express purpose of creating bargaining power in the LBS case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 9, 2016

BY: _____
    Leigh Rothschild

5